**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

ERIC HARDEN,
    Plaintiff,

vs.                                          Case No.: 5:07cv244/RS/MD

BAY COUNTY SHERIFF'S DEP'T, et al.
    Defendants.

_____

**ORDER and
REPORT AND RECOMMENDATION**

       This cause is before the court on plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 1), and his motion to proceed *in forma pauperis* (doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. However, upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.

       Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).

*Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, --- L.Ed.2d -–- (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff is currently incarcerated at the Bay County Jail, awaiting trial on charges of First Degree Murder, Robbery with a Firearm, and Burglary of a Dwelling While Armed. (Doc. 1, p. 5). His complaint names two defendants: Bay County Sheriff Keith McKeithen, and Florida State Attorney Larry Basford. (*Id.*, p. 2). Plaintiff alleges that on October 27, 2006 he was arrested in Jacksonville, Florida on an arrest warrant issued by Sheriff McKeithen. Plaintiff asserts that his arrest was "false" in that it was based on a "bogus" affidavit lacking probable cause because it was "without evidence showing plaintiff's guilt." (*Id.*, p. 5). Plaintiff further maintains that in initiating and prosecuting the criminal charges, State Attorney Basford engaged in malicious prosecution, slandered plaintiff's name, and "filed false documents." (*Id.*, pp. 5-6). As a result of his arrest, prosecution and detention, plaintiff has experienced stress, depression, mental and emotional distress, bad nerves and loss of sleep, causing him to be placed on "psyhc medication." (*Id.*, pp. 5-7). Based on the foregoing conduct, plaintiff claims Sheriff McKeithen has violated his rights under the Fourth and Fourteenth Amedments by falsely arresting and

imprisoning him. Plaintiff claims State Attorney Basford has violated his Fourth and Fourteenth Amendment rights by falsely imprisoning and maliciously prosecuting him. (*Id.*, p. 7). As relief, plaintiff seeks $1 million from each defendant[1] and "whatever else the court sees just and deemed." (*Id.*).

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Plaintiff's claims against Sheriff McKeithen are due to be dismissed. The elements of a claim for false arrest are a warrantless, malicious arrest or deprivation of liberty without probable cause. *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Von Stein v. Brescher*, 904 F.2d 572 (11th Cir. 1990). "[P]robable cause constitutes an absolute bar to . . . § 1983 claims alleging false arrest. . . ." *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998). Probable cause exists when an arrest is "objectively reasonable under the totality of the circumstances." *Id.* (internal quotations and citations omitted). There is probable cause "when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (internal citations and quotations omitted). "'Probable cause' defines a radically different standard than 'beyond a reasonable doubt,' and while an arrest must stand on more than suspicion, the arresting officer need not have in hand evidence sufficient to obtain a conviction." *Von Stein*, 904

---

[1] Plaintiff states he is suing each defendant individually and in his official capacity.

F.2d at 578 n. 9 (citation omitted).  Thus, the level of proof needed to make a probable cause determination is conspicuously less than that which is needed to obtain a conviction.

In the instant case, reading the allegations of the complaint in the light most favorable to plaintiff, he claims McKeithen lacked probable cause to arrest him because the warrant affidavit was "without evidence showing plaintiff's guilt." This does not state a constitutional claim, because even accepting this allegation as true, it does not establish that Sheriff McKeithen was not justified in arresting plaintiff for murder, robbery and burglary.  Plaintiff's allegations fail to suggest that the facts upon which the affidavit was based would not cause a prudent person to believe, under the circumstances shown, that plaintiff had committed the offenses for which he was arrested.  Thus, plaintiff's individual capacity claims against Sheriff McKeithen should be dismissed with prejudice.  Since there is no additional basis for liability by Bay County, Florida, plaintiff's official capacity claims will also be dismissed with prejudice.

As to plaintiff's claims for monetary damages against State Attorney Basford, such claims are due to be dismissed on the grounds of absolute immunity, because plaintiff's allegations disclose that Basford was performing prosecutorial functions. The Eleventh Circuit has summarized the relevant legal principles concerning immunity as follows:

> The Supreme Court has repeatedly endorsed the use of a "functional approach" when determining whether a prosecutor is entitled to absolute immunity.  Thus, we look to the nature of the function performed, not the identity of the actor who performed it. . . .
>
> A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court, including examining witnesses and presenting evidence. The prosecutorial function, however, specifically does not include functioning as either an investigator or a complaining witness.

*Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations and quotations omitted).

The decision to prosecute is protected by absolute immunity from claims that the decision was malicious and unsupported by probable cause.  *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).  This includes protection for actions preliminary to the initiation of a prosecution and apart from the courtroom, *Imble*r, 424 U.S. at 431 n. 33; *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73, 113 S.Ct. 2606, 125 L.Ed.2d 909 (1993), and includes interviewing witnesses before charges are filed.  *Mullinax v. McElhenney*, 817 F.2d 711, 715 (11th Cir. 1987).  "A prosecutor's decision to bring charges against a person, so long as the prosecutor is acting within the scope and territorial jurisdiction of his office, is immune from an action for damages under § 1983."  *Elder v. Athens-Clarke County, Georgia ex rel. O'Looney*, 54 F.3d 694, 695 (11th Cir. 1995). Charging a person with a crime in the absence of probable cause is within the scope of a prosecutor's absolute immunity.  *Rowe v. City of Fort Lauderdale,* 279 F.3d 1271, 1281 (11th Cir. 2002).  "A prosecutor is absolutely immune from suit for malicious prosecution." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).  Similarly, filing criminal charges without investigation is subject to absolute immunity.  *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985); *Fullman v. Graddick*, 739 F.2d 553, 558-59 (11th Cir. 1984).

Applying these principles to the alleged conduct of defendant Basford, the court concludes that he is entitled to absolute immunity.  The conduct attributed to State Attorney Basford is well within his function as an advocate for the State of Florida, and was intimately associated with the judicial phase of the process, and therefore cannot be the basis of a § 1983 conspiracy claim.  *Rowe,* 279 F.3d at 1279-83.  Therefore, plaintiff's individual capacity claims against this defendant will be dismissed with prejudice.  Since there is no additional basis for liability by the State of Florida, plaintiff's official capacity claims will also be dismissed with prejudice.

Accordingly, it is ORDERED:

Plaintiff's application to proceed *in forma pauperis* (doc. 2) is GRANTED.

**And it is respectfully RECOMMENDED:**

1. That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii)

2. That the clerk be directed to close the file.

At Pensacola, Florida this 24th day of January, 2008.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).